IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STANLEY R. TSUJI, | ) | CIV. NO. 14-00206 JMS-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | REMAND |
| KAMEHAMEHA SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR REMAND

Before the Court is pro se Plaintiff Stanley R. Tsuji's Motion in Opposition of Change of Venue (Doc. 8), which the Court construes as a Motion to Remand. After careful consideration of the Motion and the supporting and opposing memoranda, the Court finds and recommends that this Motion be DENIED.[1]

BACKGROUND

On April 9, 2014, Plaintiff filed his Complaint in the First Circuit Court of the State of Hawaii. (Complaint at 1.) He asserts that his "rights as an employee have been violated by [Defendant] under numerous State and Federal Statutes." (Id.) Although Plaintiff does not specify which state and federal

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

statutes he believes were violated, he complains that Defendant "[i]llegally [t]erminated my [e]mployment at Kamehameha Schools." (Id. at 2.) Specifically, Plaintiff says he "suffered a [m]edical [r]elapse at work and was thereafter wrongfully terminated from his employment." (Id. at 2.)

Although not in the record, Plaintiff appears to have filed a charge with the Hawaii Civil Rights Commission (HCRC) and the Equal Employment Opportunity Commission because he was issued a right-to-sue letter from HCRC on January 9, 2014. (Attachment to Motion to Remand.) The letter states that HCRC "received notice that your complaint has been investigated by the Equal Employment Opportunity Commission, and a final determination regarding the complaint has been made by that agency." (Id.) The letter further states that Plaintiff's case "has been closed" and he has the right to file a private lawsuit against Defendant. (Id.)

On May 1, 2014, Defendant removed Plaintiff's case to federal court on the basis of federal question jurisdiction. (Notice of Removal at 3.)

## DISCUSSION

A plaintiff may file a motion for remand to challenge the removal of an action from state court to federal court. The removal is proper under 28 U.S.C. § 1441(a) as long as the plaintiff could have brought the action in federal court.

Courts strictly construe § 1441 against removal, and they resolve any doubts about the propriety of removal in favor of remanding the case to state court. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

Under 28 U.S.C. § 1441(b), a federal court has jurisdiction over a removed case if a federal claim is alleged in the complaint. Ching v. Rosehill, CV. NO. 09-00437 SOM-BMK, 2010 WL 167953, at *2 (D. Haw. 2010). "A district court's federal-question jurisdiction . . . extends over 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988).

In this case, Plaintiff complains that his rights under "numerous State and Federal Statutes" were violated when he was terminated for a "Medical Relapse" at work. (Complaint at 1-2.) It therefore appears that Plaintiff asserts violations of the Americans With Disabilities Act. Because "federal law creates the cause of action," the Court finds that federal question jurisdiction exists and removal was therefore proper. See Christianson, 486 U.S. at 808. Accordingly, the Court

Courts strictly construe § 1441 against removal, and they resolve any doubts about the propriety of removal in favor of remanding the case to state court. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

Under 28 U.S.C. § 1441(b), a federal court has jurisdiction over a removed case if a federal claim is alleged in the complaint. Ching v. Rosehill, CV. NO. 09-00437 SOM-BMK, 2010 WL 167953, at *2 (D. Haw. 2010). "A district court's federal-question jurisdiction . . . extends over 'only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988).

In this case, Plaintiff complains that his rights under "numerous State and Federal Statutes" were violated when he was terminated for a "Medical Relapse" at work. (Complaint at 1-2.) It therefore appears that Plaintiff asserts violations of the Americans With Disabilities Act. Because "federal law creates the cause of action," the Court finds that federal question jurisdiction exists and removal was therefore proper. See Christianson, 486 U.S. at 808. Accordingly, the Court

recommends that Plaintiff's Motion to Remand be DENIED.

Any Objection to this Findings and Recommendation shall be filed in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 18, 2014.



    /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Tsuji v. Kamehameha Schools, CIV. NO. 14-00206 JMS-BMK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR REMAND.