IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| STANLEY R. TSUJI, | ) | CIVIL NO. 14-00206 JMS-BMK |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER ADOPTING MAGISTRATE JUDGE'S |
| vs. | ) ) | FINDINGS AND RECOMMENDATION TO DENY |
| KAMEHAMEHA SCHOOLS, | ) ) | PLAINTIFF'S MOTION TO REMAND |
| Defendant. | ) ) ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO REMAND

### I. INTRODUCTION

Before the court is the June 18, 2014 Findings and Recommendation to Deny Plaintiff's Motion to Remand ("F & R"). Doc. No. 17. After de novo review, the F & R is ADOPTED.

### II. BACKGROUND

On April 9, 2014, Plaintiff Stanley R. Tsuji ("Plaintiff") filed his Complaint in the First Circuit Court of the State of Hawaii asserting that Defendant Trustees of the Estate of Bernice Pauahi Bishop dba Kamehameha Schools ("Defendant") violated his "rights as an employee . . . under numerous State and Federal Statutes" when he "suffered a [m]edical [r]elapse at work and was thereafter wrongfully terminated from his employment." Doc. No. 1-1, Compl. at

1-2.  On May 1, 2014, Defendant removed this action to federal court.  Doc. No. 3, Notice of Removal.

Plaintiff filed a Motion in Opposition of Change of Venue on May 30, 2014, setting forth his objections to removal of this action.  Doc. No. 8.  On June 3, 2014, Magistrate Judge Barry M. Kurren issued an Entering Order construing Plaintiff's motion as a Motion to Remand, and setting response dates of June 17, 2014 for Defendant's Opposition and June 27, 2014 for Plaintiff's Reply.  Doc. No. 11.  Rather than wait for Defendant to file its Opposition, on June 12, 2014, Plaintiff filed a "Reply," that does not address the issue of remand, but instead sets forth factual allegations supporting his claims and requests that this case be "initiated and commenced in" state court.  Doc. No. 13.  On June 17, 2014, Defendant filed its Opposition to the Motion to Remand.  Doc. No. 16.

On June 18, 2014, Magistrate Judge Kurren issued the F & R in which he found that Plaintiff's Complaint asserts violations of federal law -- namely, the American With Disabilities Act, 42 U.S.C. §§ 12101 et seq. -- and removal based on federal question jurisdiction was proper.  Doc. No. 17, F & R at 3. Accordingly, the F & R recommended that Plaintiff's Motion to Remand be denied and directed that any Objection to the F & R be "filed in accordance with the Federal Rules of Civil Procedure and the Local Rules of this court."  *Id.* at 4.

Pursuant to the applicable rules, Objections were due on July 7, 2014. *See* Fed. R. Civ. P. 72(b)(2) (providing that Objections be filed "[w]ithin 14 days after" receiving service of the F & R); *see also* LR 74.2 (same).

On June 27, 2014, Plaintiff filed a second "Reply" that does not address the F & R, but does set forth his arguments against removal. Doc. No. 19. Because Plaintiff is proceeding pro se and the F & R was issued prior to the deadline for Plaintiff to file a Reply to Defendant's Opposition, the court construes this second Reply as Plaintiff's Objections to the F & R. Pursuant to Local Rule 7.2(d), the court determines Plaintiff's Objections without a hearing.

### III. **STANDARD OF REVIEW**

This court has historically treated a motion to remand as a dispositive motion, requiring the issuance of a findings and recommendation by the magistrate judge. *See Keown v. Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1029 (D. Haw. 2008). When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review

the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

## IV. **DISCUSSION**

As a general rule, removal of an action from state court to federal court is proper if the federal court would have had original jurisdiction, *i.e.*, if the action could have been filed originally in federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]"). A federal court would have original jurisdiction over an action asserting a claim for violation of federal law. 28 U.S.C. § 1331 (providing that federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States"). And actions asserting both a violation of federal statutes and a state law claim may be removed in their entirety. 28 U.S.C. § 1441(c)(1) (authorizing removal when a case includes both a federal claim and a state claim, "if the action would be removable without the inclusion" of the nonfederal claim"); *see Ogeone v. United States*, 2013 WL 3807798, at *2 (D. Haw. Jul. 19, 2013). "[J]urisdiction must be analyzed on the basis of the pleadings filed at the time of removal[.]" *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).

After de novo review, the court finds that the F & R correctly sets forth the legal framework to determine the propriety of removal and therefore, whether remand is warranted. *See* Doc. No. 17, F & R at 2-3. The court further finds that by alleging that Defendant violated Plaintiff's "rights as an employee . . . under numerous State and Federal Statutes" when he "suffered a [m]edical [r]elapse at work and was thereafter wrongfully terminated from his employment," Doc. No. 1-1, Compl. at 1-2, the Complaint asserts a federal claim over which this court has original jurisdiction. Thus, the court finds that the F & R properly determined that federal question jurisdiction exists, Defendant's removal of this action was proper, and therefore, that remand is not warranted. *Id.* at 1-4.

# V. <u>CONCLUSION</u>

Based on the foregoing, the court ADOPTS the Findings and Recommendation to Deny Plaintiff's Motion To Remand.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 9, 2014.



       /s/ J. Michael Seabright
      J. Michael Seabright
      United States District Judge

*Tsuji v. Kamehameha Schools*, Civ. No. 14-00206 JMS-BMK, Order Adopting Magistrate Judge's Findings and Recommendation to Deny Plaintiff's Motion to Remand